UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JIMMY DALE MARTIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:15-cv-145-JMS-WGH |
| ) | |
| SUPERINTENDENT, Federal ) | |
| Correctional Complex, ) | |
| ) | |
| Respondent. ) | |

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). Accordingly, a habeas petition "should be denied at once if the issues it raises clearly have been forfeited or lack merit under established law." *O'Connor v. United States,* 133 F.3d 548, 551 (7th Cir. 1998). This is an appropriate case for such a disposition. This conclusion rests on the following facts and circumstances:

1. Jimmy Dale Martin is confined in this District and challenges a conviction entered in the Eastern District of Texas.

2. A 28 U.S.C. § 2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson,* 347 F.3d 214, 217 (7th Cir. 2003). Under very limited circumstances, a prisoner may challenge his federal conviction or sentence under Section 2241. *Hill v. Werlinger,* 695 F.3d 644, 645 (7th Cir. 2012) (discussing 28 U.S.C. § 2255(e)). Section 2255(e) contains a "savings clause" that authorizes a federal prisoner to file a Section 2241 petition

where the remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention." *Id.* "A procedure for post-conviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *In re Davenport,* 147 F.3d 605, 611 (7th Cir. 1998).

3. The Seventh Circuit has explained, following *Davenport,* that in order to fit within the savings clause a petitioner must meet three conditions. *First*, he must show that he relies on a new statutory interpretation case rather than a constitutional case. *Second,* he must show that he relies on a decision that he could not have invoked in his first Section 2255 motion, *and* that case must apply retroactively. *Third*, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway,* 719 F.3d 583, 586 (7th Cir. 2013).

4. PACER records show that in 1992, following a jury trial, Martin was convicted of: (1) conspiring to manufacture methamphetamine, in violation of 21 U.S.C. § 846; (2) possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1); and (3) using or carrying a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c). His convictions and life sentence were affirmed in *United States v. Martin*, No. 92-5080 (5th Cir. June 25, 1993). PACER records show that Martin has filed two 28 U.S.C. § 2255 motions. These were docketed as No. 1:01cv308 and No. 1:06-cv-29. Each was denied.

5. Martin seeks habeas relief based on his claim that the trial court lacked jurisdiction over the charges he faced. This claim was or could have been presented in Martin's direct appeal or his prior § 2255 actions. He eschews the requirements of *Davenport* and its progeny to obtain

relief pursuant to 28 U.S.C. § 2241 by emphasizing what he considers to be a precondition, that being whether the trial court had jurisdiction.

6. In doing so, Martin has shown himself to be too clever by half. The trial court's jurisdiction is not part of the *Davenport* analysis. There is no exception in the *Davenport* analysis for cases in which the habeas petitioner claims that the trial court lacked jurisdiction. There is likewise no exception in 28 U.S.C. § 2255(e) for defendants presenting such claims. *Penson v. Holder*, No. 1:15-CV-00216, 2015 WL 1892940, at *2 (M.D.Pa. Apr. 24, 2015)("If Penson's arguments regarding the lack of federal jurisdiction were true, then the basis of his claims were well-established at the time of his conviction and could have been raised in his earlier § 2255 motion."). Martin's argument, moreover, would completely *replace* the *Davenport* analysis. Martin offers no authority for such a radical re-interpretation of § 2255(e). Quite understandably, Martin's argument has been rejected. *Rubio v. Warden, FCC Coleman USP,* No. 5:10-CV-00347-OC-10, 2012 WL 1623999, at *4 (M.D.Fla. May 9, 2012)("Contrary to Petitioner's argument, even when a petitioner claims jurisdictional defects in the underlying criminal trial, he may not avail himself of the § 2241 remedy unless the savings clause criteria are also met.")(citing *Wofford v. Scott*, 177 F.3d 1236, 1245 (11th Cir. 1999)). Finally, Martin's jurisdictional argument is frivolous. That is, he was convicted of a conspiracy offense in violation of 21 U.S.C. § 846 and of two substantive offenses involving firearms in violation of Title 18. The § 846 charge was for conspiring to manufacture methamphetamine. His claim that conspiracies under § 846 do not extend to conduct proscribed by Title 18—for which he cites a ruling referenced in *United States v. McGee*, 2007 WL 582395, at *1-2 (N.D.Okla. Feb. 20, 2007)—has no discernible application to his case in the Eastern District of Texas. And it certainly has no application to the trial court's jurisdiction over the charges he faced. *Hugi v. United States*, 164 F.3d 378, 380 (7th Cir. 1999)

("Subject matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231, and there can be no doubt that Article III [of the United States Constitution] permits Congress to assign federal criminal prosecutions to federal courts. That's the beginning and the end of the 'jurisdictional' inquiry.").

7.     Based on the foregoing, Martin has sought relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy. This is apparent from the face of his petition, as supplemented, together with the history of the conviction he now challenges. His petition for a writ of habeas corpus is **denied**.

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date:  _____07/22/2015_____

_signature: Jane E. Magnus-Stinson_
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

JIMMY DALE MARTIN
03681-078
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808